UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LAVIN, | Case No. 2:24-cv-11612 |
| | Hon. Denise Page Hood |
| Plaintiff, | |
| v. | Magistrate Judge Kimberly G. Altman |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

| | |
|---|---|
| **ELIZABETH A. KING (P74979)** | **CARY R. BERLIN (P64122)** |
| **FABIAN, SKLAR, KING & LISS, P.C.** | **PATRICK, JOHNSON & MOTT, P.C.** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33450 W. 12 Mile Road | 70 Macomb Place, Suite 224 |
| Farmington Hills, Michigan 48331 | Mt. Clemens, Michigan 48043 |
| (248) 553-2000 | (248) 356-8590 |
| eking@fabiansklar.com | cberlin@pjmpc.com |

## STATE FARM'S ANSWER

The Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), through its attorneys, Patrick, Johnson & Mott, P.C., provides the following Answer to Plaintiff's Complaint:

1. State Farm neither admits nor denies the allegations contained in Paragraph 1 of Plaintiff's Complaint, lacking knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leaves Plaintiff to his proofs.

2. Admitted.

3. State Farm denies the allegations contained in Paragraph 3 of Plaintiff's Complaint, because the allegations are untrue, as based upon information and belief, the alleged incident that gave rise to this lawsuit occurred at Storage Sense, located at 150 Rio Villa Drive, Punta Gorda, Florida.

4. Admitted. In further answer, the amount in controversy exceeds $75,000.00, as set forth in State Farm's Notice of Removal. (ECF No. 1).

5. State Farm admits that, when filed, the Wayne County Circuit Court had jurisdiction over this matter, and venue was proper in the Court. However, following State Farm's Notice of Removal, jurisdiction was conferred on this Court, and venue is proper in this Court because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" 28 U.S.C.(b)(2), occurred in this judicial district. Specifically, State Farm conducts insurance business, and has offices and agents within this district; the insurance policies being sued under covered vehicles that were kept within this district (located in Dearborn Heights, Michigan), and the policies sued upon were purchased in this district (Plaintiff's agent is located in Grayling, Michigan).

6. State Farm objects to the compound nature of the allegations


contained in Paragraph 6 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm admits the existence of the insurance policy, numbered 5229-049-22A, which insured Plaintiff's interest, if any, in the 2015 Harley Davidson, as set forth and described in the policy, subject to all of the terms, conditions, exclusions and limitations set forth therein. In further answer, State Farm submits that a copy of the policy is in the possession of both parties.

7. State Farm objects to the compound nature of the allegations contained in Paragraph 7 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm admits the existence of the insurance policy, numbered 5153-334-22A, which insured Plaintiff's interest, if any, in the 2016 Harley Davidson, as set forth and described in the policy, subject to all of the terms, conditions, exclusions and limitations set forth therein. In further answer, State Farm submits that a copy of the policy is in the possession of both parties.

8. State Farm objects to the compound nature of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm admits the existence of the insurance policy, numbered 6482-089-22, which insured Plaintiff's interest, if

any, in the 2017 Neo NCVF Trailer, as set forth and described in the policy, subject to all of the terms, conditions, exclusions and limitations set forth therein. In further answer, State Farm submits that a copy of the policy is in the possession of both parties.

9. State Farm objects to the compound nature of the allegations contained in Paragraph 9 of Plaintiff's Complaint, and submits that the entire paragraph should be stricken. In further answer, State Farm admits the existence of the insurance policy, numbered 7103-036-22H, which insured Plaintiff's interest, if any, in the 2018 Land Rover Range Rover, as set forth and described in the policy, subject to all of the terms, conditions, exclusions and limitations set forth therein. In further answer, State Farm submits that a copy of the policy is in the possession of both parties.

10. State Farm admits, only, that on or about May 19, 2023, Plaintiff reported that his Range Rover, his 2015 Harley Davidson, his 2016 Harley Davidson, and the 2017 Neo NCVF Trailer were damaged in a fire that he claimed occurred on May 14, 2023.

11. State Farm admits, only, that on or about May 19, 2023, Plaintiff reported that his Range Rover, his 2015 Harley Davidson, his 2016 Harley Davidson, and the 2017 Neo NCVF Trailer were damaged in a fire that he claimed

occurred on May 14, 2023.

12. State Farm denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions. In further answer, State Farm admits that documents purporting to be Plaintiff's Affidavits of Vehicle Fire (3 total) and one Affidavit of Trailer Fire were submitted, however, the documents do not constitute satisfactory proof of loss for the reasons set forth in State Farm's Affirmative Defenses hereto.

13. State Farm denies the allegations contained in Paragraph 13 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

14. State Farm denies the allegations contained in Paragraph 14 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions.

15. State Farm denies the allegations contained in Paragraph 15 of Plaintiff's Complaint, that the dispute can be resolved through the policy and M.C.L. 500.2833(1)(m)'s appraisal process, because the allegations are untrue and contain erroneous legal conclusions.

16. State Farm denies the allegations contained in Paragraph 16 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous

legal conclusions. In further answer, State Farm relies on the provisions of M.C.L. 500.2006, and submits that the statute, in its entirety, speaks for itself.

17. State Farm denies the allegations contained in Paragraph 17 of Plaintiff's Complaint, because the allegations are untrue and contain erroneous legal conclusions. In further answer, State Farm relies on the provisions of M.C.L. 500.2006, and submits that the statute, in its entirety, speaks for itself.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, requests this Honorable Court deny Plaintiffs all of the relief sought in his *ad damnum* clause, including then relief sought in subparagraphs A through F, and instead, dismiss this action against State Farm in its entirety and with prejudice, and award to State Farm its costs and attorney's fees so wrongfully incurred.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
Date: June 27, 2024          P64122

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAVIN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 2:24-cv-11612
Hon. Denise Page Hood

Magistrate Judge Kimberly G. Altman

---

**ELIZABETH A. KING (P74979)**
**FABIAN, SKLAR, KING & LISS, P.C.**
Attorneys for Plaintiff
33450 W. 12 Mile Road
Farmington Hills, Michigan 48331
(248) 553-2000
eking@fabiansklar.com

**CARY R. BERLIN (P64122)**
**PATRICK, JOHNSON & MOTT, P.C.**
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com

---

## AFFIRMATIVE DEFENSES

Upon the trial of this cause, Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), will insist in its defense and offer evidence in support of the following Affirmative Defenses:

### First Defense
### Failure to State Claims

The following claims and allegations set forth in Plaintiff's Complaint fail,

7

as a matter of law, to state valid claims upon which relief can be granted:

    a.    All claims for "consequential damages," and/or incidental damages;

    b.    All claims to have the amount of loss set by appraisal;

    c.    All claims for interest, and/or that State Farm has violated MCL 500.2006;

    d.    All claims for any extra-contractual damages, including, but not limited to, all claims for "statutory interest, taxable costs and attorney fees.

Notice is hereby given of State Farm's intention to move for a dismissal of the above claims and allegations before the commencement of trial pursuant to Fed. R. Civ. P. 56.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

## Second Defense
## Non-Fortuitous Loss

Plaintiff's Complaint should be dismissed because the fire of May 14, 2023, which Plaintiff claims damaged his vehicle, his two motorcycles and his trailer, was not accidental within the meaning of the insurance policy sued upon but, rather, was intentionally set, or arranged to be set by the Plaintiff, and/or by persons in privity with him, and/or with his knowledge and consent, precluding coverage under the four subject insurance policies sued upon, and entitling State

Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Third Defense
### Not a Loss/No Direct, Sudden and Accidental Damage

The subject policies sued upon provide, in relevant part:

PHYSICAL DAMAGE COVERAGES

Loss means:

1. direct, sudden and accidental damage to; or
2. total or partial theft of

a covered vehicle. Loss does not include any reduction in the value of any covered vehicle after it has been repaired, as compared to its value before it was damaged.

Plaintiff's Complaint should be dismissed because the May 14, 2023 fire was not the result of direct, sudden or accidental damage, and because Plaintiff consented to the vehicles being damaged, precluding Plaintiff's claims and entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Fourth Defense
### Intentional Damage Exclusions

The four policies sued upon provides:

9

PHYSICAL DAMAGE COVERAGES EXCLUSIONS:

THERE IS NO COVERAGE FOR:

1. ANY COVERED VEHICLE THAT IS:
   a. INTENTIONALLY DAMAGED; or
   b. STOLEN,

   by or at the direction of an INSURED.

   * * *

4. ANY COVERED VEHICLE DUE TO:
   a. THEFT;
   b. CONVERSION;
   c. EMBEZZLEMENT; OR
   d. SECRETION

   by an INSURED, a consignee, an agent of a consignee, or a person who obtains possession of the covered vehicle with the permission of a consignee or agent of a consignee.

Plaintiff's Complaint should be dismissed because the May 14, 2023 fire, which Plaintiff alleges damaged and/or destroyed his vehicle, his two motorcycles and his trailer, was intentionally set or arranged to be set by Plaintiff, and/or by persons in privity with him, and/or with his knowledge, permission and/or consent, precluding coverage under the four policies, and entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Fifth Defense
### Concealment or Fraud

The four insurance policies sued upon also contain the following provisions:

GENERAL TERMS

\* \* \*

11. Concealment or Fraud. There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

Plaintiff's Complaint should be dismissed because during the course of State Farm's investigation into his claims following the May 14, 2023 fire to his vehicle, motorcycles and trailer, including in non-recorded statements, as well as during and after his November 30, 2023 examination under oath, Plaintiff intentionally concealed and/or misrepresented material facts and information, and provided false statements and testimony regarding, among other things:

a. his activities before, during the fire, including his whereabouts at the time of the fire;

b. the registration status of the four vehicles;

c. his criminal history and lawsuit history;

d. information that was on his cellphone; and

e. his financial condition before and at the time of the fire.

Plaintiff also presented materially false documents in support of his claims

with the intent to deceive and/or defraud State Farm with reference to the above matters, including, but not limited to, three false affidavits entitled, "Affidavit of Vehicle Fire," and one false affidavit entitled "Affidavit of Trailer Fire," which contain materially false information, further precluding him from recovering proceeds under the subject policies of insurance, and entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Sixth Defense
### Non-Compliance with Policy Conditions

The subject policies also provide, in relevant part:

INSURED'S DUTIES

\* \* \*

3. Insured's Duty to Cooperate With Us

   a. The insured must cooperate with us and, when asked, assist us in:
   
   \* \* \*
   
   (2) securing and giving evidence;

   \* \* \*

5. Other Duties Under the Physical Damage Coverages

   When there is a loss, you or the owner of the covered vehicle must:

   \* \* \*

   d. provide us all:

    (1) records;
    (2) receipts; and
    (3) invoices

 that we request and allow us to make copies. . .

Plaintiff's Complaint should be dismissed because, during State Farm's investigation into his claim, and contrary to the provisions of the policy, he refused and/or failed to comply with the policy's conditions precedent to provide the records and documents State Farm requested, including, but not limited, his failure to provide: (1) his full bank records; (2) the current registration for the Range Rover; (3) the maintenance history for the vehicles; (4) purchase documentation for the 2015 Harley Davidson; (5) contact information for all witnesses; (6) his cellphone records; and (7) a detailed inventory of personal property reportedly damaged in the fire, thereby precluding Plaintiff's claims and entitling State Farm to a judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained because the policy also provides:

  13. Legal Action Against Us
    As described below, you may file a lawsuit against us in order to have a dispute settled by a court that has proper jurisdiction.

    Legal action may not be brought against us until there has been full compliance with all the provisions of this policy. . .

### Seventh Defense
### Insurable Interest and Limit of Liability

Plaintiff's Complaint should be dismissed to the extent that he is claiming amounts which are greater than the applicable limits of liability under the four policies sued upon, and/or greater than his interest in the subject vehicles, precluding his claims and entitling State Farm to judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Eighth Defense
### Claim of Offset

State Farm claims the amount of all previous payments Plaintiff has already received for the damages complained of in his Complaint, or which receives in the future for the claimed damages, regardless of the source of those funds, as an offset to any damages which may be awarded to Plaintiff in connection with this lawsuit, or under the policies of insurance sued upon, or otherwise.

### Ninth Defense
### Failure to Mitigate

Plaintiff's Complaint should be dismissed to the extent that he has failed to mitigate his damages and/or losses, if any, sustained as a result of the events

described in his Complaint, precluding his claims and entitling State Farm to judgment in its favor.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Tenth Defense
### Failure to Join Necessary Parties

Plaintiff's Complaint should be dismissed because he has failed to join the lienholders of the Range Rover, CSL Lasership, as party in the action, despite CSL Lasership being the holder of a lien interest in the Range Rover insured under the policy sued upon, and whose interest is insured under the policy, making its joinder in this action is essential under Fed. R. Civ. P. 19.

WHEREFORE, Plaintiff's claims are barred and this action cannot be maintained.

### Eleventh Defense
### Payment Options

Plaintiff's Complaint should be dismissed to the extent it seeks interest for any alleged late payments, as if ordered to in accordance with the payment options set forth in the subject policies, State Farm will make timely payments for any covered damages in full compliance with the above-quoted provisions of its policy.

WHEREFORE, Plaintiff's claims are barred and this action cannot be

maintained.

## Reservation of Rights

State Farm reserves its right to add to, supplement, modify, change, or amend any and all Affirmative Defenses hereto as facts and circumstances become known to it through further investigation and/or discovery.

Respectfully submitted,

**PATRICK, JOHNSON & MOTT, P.C.**

*s/ Cary R. Berlin*
Attorneys for Defendant
70 Macomb Place, Suite 224
Mt. Clemens, Michigan 48043
(248) 356-8590
cberlin@pjmpc.com
P64122

Date: June 27, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAVIN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 2:24-cv-11612
Hon. Denise Page Hood

Magistrate Judge Kimberly G. Altman

---

| **ELIZABETH A. KING (P74979)** | **CARY R. BERLIN (P64122)** |
|---|---|
| **FABIAN, SKLAR, KING & LISS, P.C.** | **PATRICK, JOHNSON & MOTT, P.C.** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33450 W. 12 Mile Road | 70 Macomb Place, Suite 224 |
| Farmington Hills, Michigan 48331 | Mt. Clemens, Michigan 48043 |
| (248) 553-2000 | (248) 356-8590 |
| eking@fabiansklar.com | cberlin@pjmpc.com |

---

## JURY DEMAND

Defendant, State Farm Mutual Automobile Insurance Company, through its attorneys, Patrick, Johnson & Mott, P.C., hereby demands a trial by jury in the above captioned matter.

|  | Respectfully submitted, |
|---|---|
|  | **PATRICK, JOHNSON & MOTT, P.C.** |
|  | *s/ Cary R. Berlin*<br>Attorneys for Defendant<br>70 Macomb Place, Suite 224<br>Mt. Clemens, Michigan 48043<br>(248) 356-8590<br>cberlin@pjmpc.com |
| Date: June 27, 2024 | P64122 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAVIN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No. 2:24-cv-11612
Hon. Denise Page Hood

Magistrate Judge Kimberly G. Altman

---

| **ELIZABETH A. KING (P74979)** | **CARY R. BERLIN (P64122)** |
|---|---|
| **FABIAN, SKLAR, KING & LISS, P.C.** | **PATRICK, JOHNSON & MOTT, P.C.** |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 33450 W. 12 Mile Road | 70 Macomb Place, Suite 224 |
| Farmington Hills, Michigan 48331 | Mt. Clemens, Michigan 48043 |
| (248) 553-2000 | (248) 356-8590 |
| eking@fabiansklar.com | cberlin@pjmpc.com |

---

### PROOF OF SERVICE

    I hereby certify that on **June 27, 2024**, my legal assistant, Courtney A. Pilibosian, electronically filed **State Farm's Answer to Plaintiff's Complaint, Affirmative Defenses, Jury Demand and this Proof of Service** with the Clerk of the court using the ECF system which will send notification of such filing to the attorneys of record.

    *s/Cary R. Berlin*
    PATRICK JOHNSON & MOTT, P.C.
    70 Macomb Place, Suite 224
    Mt. Clemens, Michigan 48043
    248-356-8590
    cberlin@pjmpc.com
    P64122